UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY FLOURNOY, P00154293,<br>Plaintiff,<br>v.<br>KATHRYN WADE,<br>Defendant(s). | Case No. 24-cv-02101-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a pretrial detainee at the Marin County Jail (MCJ) facing state criminal charges in Marin County Superior Court and other state county superior courts, and a frequent litigant in federal court, has filed a pro se complaint for damages against Contra Costa County resident Kathryn Wade alleging that Wade is "legally responsible for the loss in attorney fees plaintiff has suffered as a direct and proximate result" of Ms. Wade's failure to pay him for his legal services. ECF No. 1 (Compl.) at 2.  Plaintiff also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 which the court will grant in an accompanying order based solely on his affidavit of poverty.

**DISCUSSION**

A.   Standard of Review

Federal courts "shall dismiss" a case brought IFP "at any time if the court determines" that the case or appeal "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

B.   Legal Claims

A state prisoner may bring a claim for damages under 42 U.S.C. § 1983 based on a federal court's federal question jurisdiction if he can allege two elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). He also may bring a claim for damages that does not involve a federal question based on a federal court's diversity jurisdiction if two conditions are met: (1) the parties are citizens of different states or a citizen of a state and a subject of a foreign state, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiff's suit for damages against Ms. Ware for apparent breach of contract cannot proceed in federal court under either basis for federal court jurisdiction. First, plaintiff cannot proceed under § 1983 because his suit does not involve the violation of a federal right and because Ms. Wade is a private individual. It is well established that a private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Private conduct, no matter how wrongful, is not covered under § 1983. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Second, plaintiff cannot proceed under this court's diversity jurisdiction because both he and Ms. Wade are citizens of California. See 28 U.S.C. § 1332(a). Plaintiff's suit for damages against Ms. Wade for apparent breach of contract must proceed in state court, if at all.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

The clerk is instructed to close the case and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: April 17, 2024

CHARLES R. BREYER
United States District Judge